ESTATE OF CHARLES McLAUGHLIN, DECEASED.

[No. 3,061; decided June 16, 1885.]

Probate of Will—Setting for Hearing, Evidence of.—When it is claimed that the clerk did not set a petition for probate for hearing, a notice in fact issued by him and fixing the day is the best evidence that the law has been complied with.

Probate of Will—Setting for Hearing.—Any Omission in matters of form in fixing the date for hearing a petition to probate a will may be disregarded by the court or ordered supplied when the proper fact is made satisfactorily to appear.

Probate of Will.—The Publication of the Notice fixing the day for hearing the probate of a will, when made in a weekly paper, must appear on at least three different days of publication, but not necessarily in three consecutive weekly issues.

Probate of Will.—A Creditor cannot Petition for a Revocation of the probate of a will.

The Probate of a Will and the Appointment of an Executor are distinct emanations from the will of the court, usually, though not necessarily embodied in one order, but determined upon entirely different sets of facts.

Application by creditor to revoke the probate of a will.

A. B. Hotchkiss, for petitioning creditors.

L. D. McKisick, for executrix.

T. H. REARDEN, J. (in vacation sittings of Department 9, Probate).—This is an application, by petition, by Emile Erlanger and others, setting forth that they are residents of the city of Paris, and are creditors of the decedent, who died in 1883, leaving a will, and being at his death a resident of this state.

That decedent's will is on file in this court; that it appears by the records that proceedings were had for the probate of the will; that witnesses touching its execution were examined, and their testimony reduced to writing, on June 16, 1884; and that the court ordered letters testamentary to be issued to Kate McLaughlin, the executrix named in the will.

That the will was filed January 9, 1884, together with a petition for letters testamentary.

That it appears from an inspection of the record that the clerk did not set the petition for hearing; nor did the court set it for hearing; that proper notice of said hearing has not been given; that no proof was made at the hearing that notice was given; that a notice was published in the "Daily Alta California," a daily newspaper, but such notice was not published as required by law; that no order of any court or judge was made directing the manner, or number of times, of said publication; that the only proof of publication was an affidavit filed February 5, 1884, which affidavit is insufficient to give the court jurisdiction, as it does not show the year of publication, or that said notice was published as often during the period of publication as the paper was regularly issued.

Petitioners therefore pray that the probate be revoked, and for such other order as may be proper.

This petition is demurred to by the executrix. On the hearing upon demurrer, the petitioners claimed that the clerk should have made an order fixing the day of hearing, and that no such order was in existence. It appeared, however, as a fact before the court, that the clerk had entered the day of hearing in a calendar kept by him. This entry was not transferred to the register, but there would seem to be no reason why, if such entry had been made in rough minutes, it could not be put into the more formal register, either by the clerk himself or by the court, when attention had been directed thereto. But the best evidence in the matter of the fixing of the day for probate is the notice issued by the clerk, which is complete in that regard. Any omission in matters of form should either be disregarded by the court, or the omission should, by direction, be supplied, when the proper fact is made satisfactorily to appear. Section 1704, Code of Civil Procedure, provides only that orders of the court or judge must be entered at length on the minute-book of the court.

The next objection to the proceedings for probate lies in the number of times the notice was published. The affidavit of proof of publications shows that a notice fixing Tuesday, February 5, 1884, at 10 o'clock A. M., which notice is dated January 9, 1884 (the date of filing petition for

probate), was published in the "Daily Alta California" five times, to-wit: January 10, 15, 24, and 31, and February 5, 1884, which last day was the day set for hearing. The notice was directed by the clerk to be published Thursdays and Tuesdays till date (of hearing). It is probable that the notice was published oftener as there were more Tuesdays and Thursdays than are indicated.

The provisions of the code in that behalf are:

"Notice of the hearing shall be given by the clerk by publishing the same in a newspaper of the county; if there is none, then by three written or printed notices posted at three of the most public places in the county.

"If the notice is published in a weekly newspaper, it must appear therein on at least three different days of publication; and if in a newspaper published oftener than once a week, it shall be so published that there must be at least ten days from the first to the last day of publication, both the first and the last day being included": Code Civ. Proc. 1303.

The petitioners claim that section 1705 should be made to supplement section 1303, in that it provides that "when any publication is ordered, such publication must be made daily, or otherwise as often during the prescribed period as the paper is regularly issued, unless otherwise provided in this title." The court or judge thereof may, however, order a less number of publications during the period.

Counsel for executrix claim that it is "otherwise provided" in section 1303.

It will be seen that even in the case of a weekly newspaper, section 1303 does not provide that the publications shall be made in three consecutive weekly issues, but merely "on at least three different days of publication."

Also, if the court or judge can order a less number of publications, "unless otherwise provided" by section 1303, the order might be for less than three publications in a weekly paper, and only one in a daily paper (should the judge have discretion in the premises, which section 1303, germane to the notice of probate, would clearly negative): McCrea v. Haraszthy, 51 Cal. 149, does not aid us. In that

case the court held that the statute supplemented the judge's order, when the latter was silent; and that if the notice was published for the statutory time, it was good. Here the question is, whether the publication is for the statutory number of times.

At the same time, the general impression has prevailed that a notice of probate in a daily paper should be published daily, as often as the paper is issued. I would be loath to run counter to so general an opinion in any event; and, therefore, decline at this point, in the absence of the usual judge of this department, to pass absolutely upon the sufficiency of the notice. If such notice is bad, it behooves the learned counsel for the executrix to discover and remedy the error at the earliest possible moment, and to vacate the proceedings in the matter of the estate, and commence de novo from the notice by the clerk.

But the petition of these creditors is, as I regard it, fatally defective in its point of attack. It seeks, as its declared object, to avoid the will as probated; it does not strike at the only point where a creditor can be interested in an estate—the executorship or the competency of the executrix (counsel for petitioners admitted, at the hearing, that his clients had no quarrel with her, or her appointment, but only denied the regularity of the probate). A creditor cannot be affected injuriously by any testamentary dispositions of his debtor. The debtor cannot posthumously hinder, delay or defraud his creditor. An executor, once inducted into his trust, must quoad the creditors, proceed on precisely the same lines as an administrator. He must publish notice to creditors, file exhibits, render accounts, allow or reject claims, pay all dues to strangers to the estate, as rigidly as if he were an officer of the court, appointed independently of the decedent's wish. If he be distrusted by the creditor, application will be entertained to put him under bonds; if he be incompetent, the creditor may demand his removal. The creditor may come in when the executor is to be qualified, and object. But the creditor has nothing to do with the will. The will attaches only to the decedent's net estate, after all debts and expenses of administration have been liquidated: See Estate of Hinckley, 58 Cal.

516. As to the will, the creditor is a stranger. It is no affair of his: See, also, Civ. Code, sec. 1270.

The probate of a will and the appointment of an executor are distinct emanations from the will of the court—usually, but not necessarily, embodied in the one order, but determined upon entirely different sets of facts.

Can the present petition be used to initiate an attack upon the executrix, so as to nullify any notice to creditors given by her whereby these particular creditors are barred of their claims? The petition does not disclose the fact or motive of the creditors, but it was hinted at upon the hearing.

If the present proceedings are nugatory, then the only way whereby the court can acquire properly jurisdiction is by a petition for probate, or some application of that kind, wherein sufficient facts are set forth to put the machinery of the court—its ordinary procedure—in motion.

The present petition is insufficient. By itself, it would not warrant the court's proceeding anew to reappoint the present executrix, or an administrator in her stead. Demurrer is therefore sustained, with leave to petitioners to amend.

---

Where a Notice of the Hearing of a Petition for the Probate of a will is published only twice in a weekly newspaper, when the statute requires at least three times, an order admitting the will to probate and appointing an administrator with the will annexed is void: Estate of Charleblis, 6 Mont. 373, 12 Pac. 775. But a notice is sufficiently proved to have been published in a daily paper for the requisite period by an affidavit showing that it was published in a paper purporting by its name to be a daily paper, for eleven days: Crew v. Pratt, 119 Cal. 139, 51 Pac. 38. And if a decree recites due service of notice by publication or posting, the recital is sufficient to prove the same as against a collateral attack: Crew v. Pratt, 119 Cal. 139, 51 Pac. 38.